UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATEASE GORDON, on behalf of herself and all others similarly situated, ) ) ) | CASE NO. 1:21-cv-01956-CEF |
| ) | JUDGE CHARLES ESQUE FLEMING |
| Plaintiff, ) ) ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| vs. ) ) | |
| OHIO SECURITY SYSTEMS, INC. ) d/b/a OSS INC., ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| Defendant. ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Alanna Klein Fischer, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1.  On October 14, 2021, Representative Plaintiff Latease Gordon filed this Action as a result of Defendant's alleged failure to pay Plaintiff and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2.  Specifically, Plaintiff alleged that Defendant violated the FLSA and the OMWFSA by not counting Plaintiffs' "pass down" or shift change work as time worked, which included, but was not limited to, speaking with the security officer who worked the previous shift to obtain information about security issues that occurred during the previous shift, and security issues that

could occur during the next shift.

3. On January 6, 2022, the Parties filed a proposed stipulation to conditional class certification (ECF No. 10), which the Court approved the same day (ECF No. 11). The conditional class certification was for the following individuals:

> former and current security employees, including security officers, who were employed by Defendant at any time during the period beginning January 1, 2019 through the present.

4. Notice went out to 2,410 individuals. Upon the notice period's close, 265 Plaintiffs, including Plaintiff Gordon, had opted into the case. Since the close of the opt-in period, one Plaintiff has withdrawn his consent to join the case.

5. The Parties engaged in extensive discovery, including Defendant's production of time and pay records for the Plaintiffs who opted into the case.

6. The Parties exchanged numerous emails and discussed the Parties' respective analyses of the data.

7. On January 18, 2023, the Parties attended mediation before Magistrate Judge Greenberg. The mediation was successful.

8. The Parties have agreed to settle this Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Party Plaintiffs. The Court has considered all relevant factors, including the risk, complexity,

expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs.

11. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court approves the Service Award Payment to Representative Plaintiff Latease Gordon in recognition of her service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

13. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __6th__ day of ____March____, 2023.

*Charles Fleming*
_____
United States District Judge